813 So.2d 1262 (2002)
STATE of Louisiana, Appellee,
v.
A.J. DAVIES, Appellant.
No. 35,783-KA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2002.
*1263 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, for Appellee.
Before BROWN, STEWART and KOSTELKA, JJ.
BROWN, J.
Defendant, A.J. Davies, was tried and convicted of second degree murder, two counts of attempted aggravated rape and two counts of second degree kidnapping. Defendant filed a Motion for Post Verdict Judgment of Acquittal which was denied. On August 15, 2001, the trial court sentenced defendant to life at hard labor without benefit on the second degree murder conviction. Defendant was further sentenced to 30 years at hard labor without benefit on each attempted aggravated rape conviction and 30 years at hard labor without benefit on each second degree kidnapping *1264 conviction.[1] Defense counsel objected to the severity of the sentences and on August 24, 2001, he filed a Motion to Reconsider the Sentence, which was ultimately denied. Defendant now appeals, claiming that the evidence was insufficient to support the verdicts and that defendant was subject to double jeopardy. For the reasons set forth below, defendant's convictions and sentences are affirmed.

Facts
On the evening of July 8, 2000, two juvenile girls, T.M. and S.J., asked defendant to give them a ride home. Defendant lived in the Allendale community in Shreveport, Louisiana, as did the girls, and was known to them as the man who sold candy and dolls throughout the neighborhood. To T.M. and S.J., defendant could be trusted and did not represent danger. After the girls got into defendant's automobile, he asked them whether they wanted a drink. Both girls refused the offer and requested that he take them home.
Defendant passed the exit to the girls' neighborhood. T.M. testified that she told defendant to turn off onto Pete Harris Drive and take them home. However, defendant continued to drive south on I 49, passing the exits which would lead to the girls' home. Defendant stated that he had plenty of gas money and that he was just riding.
Defendant drove out of Shreveport and into DeSoto Parish. While driving, defendant asked S.J., who was seated in the back seat of the automobile, to pass him a bat from the rear of the car. S.J. complied and handed the bat to him. Defendant then asked both girls to have sex with him. When they refused, he began to threaten them.
Specifically, defendant told them that they were going to have sex with him or die. T.M. testified that at one point, defendant put a knife to S.J.'s throat and ordered her to move to the front seat of the automobile. Once she was in the front seat, defendant began to fondle S.J. and touch her breast. Defendant continued to threaten the girls while holding the bat. The teenagers reiterated their desire to go home, but defendant ignored them.
The girls, whispering among each other, made the decision to jump from the vehicle. The oldest girl, T.M., testified that she clutched S.J.'s hand and jumped from the automobile, which was moving at approximately 20 m.p.h. When defendant realized that the girls were trying to escape, he sped up to approximately 50 m.p.h. T.M. received injuries which required hospitalization. S.J. was not so fortunate.
Donald Young, an eyewitness, testified that he saw T.M. jump from the vehicle. He also stated that T.M. was holding on to a second person (S.J.), but that she did not jump out at that time. Young also testified that as T.M. jumped, the vehicle she jumped out of began to accelerate. He stated T.M. was hysterical and repeatedly told him that defendant tried to rape her and her friend. T.M. also reported to Young that defendant was using a bat and a knife as weapons. Young called 911 for emergency assistance.
Chief Petty Officer Michael Lynch, a fireman with DeSoto Fire District No. 9, testified that when he arrived at the location, *1265 T.M. was hysterical. He took her report and began searching for the car and S.J. Approximately 200 yards from where T.M. had jumped from the moving vehicle, S.J.'s body was discovered, covered with fire ants as she was lying face down in an ant bed. An autopsy concluded that 14-year-old S.J. died from a lacerated spinal cord and multiple skull fractures.
While en route to the scene, officers stopped a vehicle fitting the description given by T.M. and Donald Young. Defendant, who was driving the vehicle, was alone. Upon further investigation, a bat and knife were found in the vehicle. Defendant was arrested and taken into custody.

Discussion

Sufficiency of the Evidence
Defendant argues that the evidence presented at trial was insufficient to support his convictions. According to defendant, the state failed to prove the necessary elements of either second degree kidnapping or attempted aggravated rape. He also asserts that there existed reasonable doubt as to his guilt. Defendant further contends that the state did not prove that he had a specific intent to kill.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.3d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the evidence by viewing that evidence in the light most favorable to the prosecution. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
Specific intent is a state of mind and need not be proved as a fact; it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982); State v. Fuller, 414 So.2d 306 (La.1982); State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.1989), writ denied, 544 So.2d 398 (La.1989). Specific intent is that state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. La. R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. McCray, 621 So.2d 94 (La.App. 2d Cir. 1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982); State v. Butler, 322 So.2d 189 (La.1975); State v. Dean, 528 So.2d 679 (La.App. 2d Cir.1988). In reviewing the correctness of such a determination, this court considers the evidence in a light most favorable to the prosecution to see if the evidence is sufficient to convince a reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt as to every element of the offense. Jackson v. Virginia, supra; State v. Huizar, supra.
The trier of fact has great discretion in assessing the credibility of witnesses. State v. Ervin, 32,430 (La.App.2d Cir.09/22/99), 747 So.2d 109, writ denied, 99-3201 (La.04/20/00), 760 So.2d 342. Absent internal contradictions or irreconcilable *1266 conflict with the physical evidence, the testimony of an eyewitness that he or she observed all the elements of the offense, coupled with the identification of the defendant as the culprit, is generally sufficient to support a conviction. Id.
In order for defendant to be convicted of attempted aggravated rape, all of the elements listed in the applicable statutes must be found. The underlying elements of attempted aggravated rape, as applicable to this case, are found in La. R.S. 14:27, 14:41 and 14:42. La. R.S. 14:41 defines rape as follows:
The act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent, and any sexual penetration, however slight, is sufficient to complete the crime.
Aggravated Rape is defined in La. R.S. 14:42, which provides in pertinent part that:
A rape that is committed under any of the following circumstances: (1) The victim resisted to the utmost but the resistance was overcome by force; (2) the victim was prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution; (3) the victim was prevented from resisting because the offender was armed with a dangerous weapon; (4) the victim was under the age of 12; (5) two or more offenders participated in the act.
Attempt is defined in La. R.S. 14:27, which provides in pertinent part:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
According to T.M.'s testimony, defendant threatened to kill her and S.J. if they did not have sex with him. He threatened them with a bat and knife. He also put the knife to S.J.'s throat and fondled her. Defendant specifically told both girls that they would have sex with him or die. The record supports a finding that defendant had the intent to rape both girls. He threatened death and possessed the apparent power to carry out the threat. Defendant was armed with dangerous weapons, a bat and knife. Viewing this evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found beyond a reasonable doubt that the defendant intended to rape the girls and was guilty of attempted aggravated rape.
To convict defendant of second degree kidnapping, the state was required to prove that T.M. and S.J. were forcibly seized and carried from one place to another, physically injured or sexually abused, or were kidnapped while defendant was armed with a dangerous weapon. La. R.S. 14:44.1(A)(3), (A)(5), (B)(1).
Defendant contends that no kidnapping occurred because T.M. and S.J. voluntarily got into his car. The jury heard testimony from T.M. which explained how she and S.J. did consensually and voluntarily get into defendant's car. However, T.M. testified that the girls repeatedly asked defendant to take them home. Instead, defendant passed the exit closest to the girls' homes and continued to drive south on I 49 out of Caddo and into DeSoto Parish. While driving, defendant threatened to kill them, demanded sex from both girls, fondled S.J. and wielded a bat and knife as weapons.
Both T.M. and S.J. reiterated their desire to go home, but defendant continued to ignore their requests. In a desperate *1267 bid to save her life and avoid being raped, T.M. jumped from the car and sustained multiple injuries. S.J., however, lost her life when she jumped out of defendant's vehicle.
One witness's testimony is sufficient to support a defendant's conviction. State v. Mickens, 31,737 (La.App.2d Cir.03/31/99), 731 So.2d 463, writ denied, 99-1078 (La.09/24/99), 747 So.2d 1118; State v. Bryant, 607 So.2d 11 (La.App. 2d Cir. 1992), writ denied, 92-3082 (La.02/25/94), 632 So.2d 760.
It is evident from their verdict that the jury believed and found credible T.M.'s testimony which, taken alone was sufficient to establish that defendant forcibly seized her and S.J. and carried them from one place to another while attempting to commit an aggravated rape while armed with dangerous weapons. Viewed in the light most favorable to the prosecution, the evidence is clearly sufficient to prove beyond a reasonable doubt that defendant committed second degree kidnapping.
In order to prove the crime of second degree murder, the state must prove beyond a reasonable doubt that defendant acted in accordance with the circumstances listed in La. R.S. 14:30.1(A), which provides in pertinent part:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2)(a) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
(b) When the offender is engaged in the perpetration of cruelty to juveniles, even though he has no intent to kill or to inflict great bodily harm.
As discussed above, defendant was engaged in an attempted aggravated rape and second degree kidnapping. As such, regardless of his intent to kill or inflict great harm, he is guilty of second degree murder for the death of S.J. However, the record clearly supports a finding of a specific intent to kill or harm the girls. Defendant told them that he would kill them if they did not comply with his demand. The record likewise shows that when defendant saw both T.M. and S.J. attempting to escape from his vehicle, he accelerated the car to approximately 50 m.p.h. This sudden increase in the speed of the vehicle shows an intent to inflict great bodily harm. Finally, S.J. died as a direct result of defendant's actions.
In reviewing the evidence in a light most favorable to the prosecution, we find that it is sufficient to convince a reasonable trier-of-fact beyond a reasonable doubt of the guilt of defendant regarding every element of second degree murder.
Having found that every element was proven beyond a reasonable doubt for each crime with which defendant was charged, convicted, and sentenced, this assignment lacks merit.

Double Jeopardy
A person cannot twice be put in jeopardy for the same offense. U.S.C.A. Const. Amend. Five made applicable to the state through the Fourteenth Amendment; La. Const. Article 1, § 15; La. C.Cr.P. art. 591. Double jeopardy protects against multiple punishments for the same offense as well as a second prosecution. *1268 State v. Vaughn, 431 So.2d 763 (La.1983).
To guide courts in the meaning of "same offense," the U.S. Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), provided a test: "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether those are two offenses or only one, is whether each provision requires proof of a fact which the other does not." In other words, if one of the statutes require proof of an additional fact which the other does not, the double jeopardy clause does not prohibit successive prosecutions. The Blockburger test was held to be constitutionally required by the U.S. Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in Louisiana Code of Criminal Procedure Article 596.
In addition to the "Blockburger" test, Louisiana requires a "same evidence" analysis. State v. Vaughn, supra; State v. Steele, 387 So.2d 1175 (La.1980). Under the same evidence test, offenses are deemed identical for purposes of double jeopardy where the evidence required to support the conviction on one charge is sufficient to support a conviction on the other. The same evidence test focuses on the proof necessary to convict rather than the actual evidence presented. State v. Steele, supra.
Blockburger provides the initial test for determining whether two or more offenses are, in the abstract, considered the same for double jeopardy purposes. The crimes of second degree murder, second degree kidnapping and attempted aggravated rape do not contain identical elements. Under the "same evidence test," however, crimes need not have identical elements in order for double jeopardy to apply. The crucial determination is whether the evidence necessary for a conviction of second degree murder is the same evidence necessary for a conviction of second degree kidnapping or attempted aggravated rape or vice versa.
The criminal conduct in this case continued over a period of time while defendant and his passengers were in his vehicle, which was in the course of traveling through different locations. The fact that all of these offenses grew out of a single criminal episode does not make them a single offense. The particular facts of each case must be examined to properly ascertain whether the conviction of one offense would bar conviction of the other.
We start with Blockburger, and if the offenses are not identical, we then proceed to an analysis of the particular circumstances of the individual case. As stated above, the offenses in this case require different elements and are not identical offenses under Blockburger.
Second degree kidnapping involved the forcible seizure and carrying of the two girls from Shreveport to DeSoto Parish without their consent. The girls were physically injured and abused while defendant was armed with dangerous weapons.
The attempted aggravated rape occurred separate and apart from the other crimes. After kidnapping the victims, defendant threatened to kill them if they refused to have sex with him. Defendant's actions were tending directly toward accomplishing his objective, the rape of both girls. The victims received threats of great and immediate bodily harm, accompanied by the apparent power of execution.
Second degree murder can be a specific intent crime (La.R.S.14:30.1(A)(1)), as well as based upon an underlying felony (La. R.S.14:30.1(A)(2)). The trial court instructed the jury on both theories of second degree murder. The evidence supports *1269 the finding that defendant had the specific intent to kill the girls. He told them that they would have sex with him or die. When defendant saw that the girls were going to jump from the car, he deliberately increased the car's speed knowing that it would result in death or great bodily harm. The facts and circumstances of S.J.'s death, together with the trial court's instructions on the elements and requirements of both sections of the second degree murder statute, support a conviction under the specific intent section.
The legislature has recognized that each statute involved in this case serves different purposes and that each violation is a separate offense with different penalties. As such, double jeopardy does not prohibit defendant's convictions.
This assignment is without merit.

Conclusion
For the reasons set forth above, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The sentences for count one (second degree murder), count two (attempted aggravated rape) and count three (second degree kidnapping) were to run concurrent with one another; the sentences for count four (attempted aggravated rape) and count five (second degree kidnapping) were to run concurrent with one another; the sentences for counts four and five were to run consecutive with the sentences for counts one, two and three.