823 So.2d 1045 (2002)
STATE of Louisiana, Appellee,
v.
Sylvester MEAD, Appellant.
No. 36,131-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1046 Jerry Kircus, Shreveport, Peggy J. Sullivan, Monroe, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Jason Waltman, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and DREW, JJ.
BROWN, J.
Defendant, Sylvester Mead, was charged with public intimidation for making threats against Shreveport Police Officer Charles Rose when the officer responded to a domestic violence call at defendant's home on October 22, 2000. La.R.S. 14:122 provides that public intimidation is punishable by a fine of not more than $1,000 or imprisonment with or without hard labor for not more than five years or both. A unanimous jury found defendant guilty as charged; however, the trial court granted a defense motion for post-verdict judgment of acquittal. The state has appealed. For the reasons set forth below, we reverse and reinstate the conviction and remand to the trial court for consideration of the state's fourth offender bill and for sentencing.

Discussion

Legal Principles
La.R.S. 14:122(1) defines public intimidation as the use of violence, force or threats upon a public officer or employee with the intent to influence his conduct in relation to his position, employment or duty. Without question, a law enforcement officer is such a public officer or employee.
The offense of public intimidation requires specific criminal intent. Public intimidation is not simply the intentional use of force or threats upon an officer, but rather the use of force or threats upon the officer with the specific intent to influence the officer's conduct in relation to the officer's duties. State v. Jones, 00-980 (La. App. 5th Cir.10/19/00), 772 So.2d 788; State v. Meyers, 94-231 (La.App. 5th Cir.09/14/94), 643 So.2d 1275.
Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Specific intent is a state of mind and, as such, need not be proven *1047 as a fact but may be inferred from the circumstances and actions of the accused. State v. Harris, 00-3459 (La.02/26/02), 812 So.2d 612; State v. Kahey, 436 So.2d 475 (La.1983); State v. Ellis, 28,282 (La. App.2d Cir.06/26/96), 677 So.2d 617, writ denied, 96-1991 (La.02/21/97), 688 So.2d 521.
La.C.Cr.P. art. 821 provides that a motion for post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilt. This is a question of legal sufficiency of the evidence. State v. Robinson, 32,794 (La.App.2d Cir.03/01/00), 754 So.2d 311, writ denied, 00-0989 (La.03/23/01), 787 So.2d 1008; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La. 1992).
The determination of whether the requisite intent is present in a criminal case is for the jury. The discretion of the jury should not be impinged upon except to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Davies, 35,783 (La.App.2d Cir.04/05/02), 813 So.2d 1262.

Testimony
Madeline Mead, defendant's wife, testified about the events which led up to the police being called to her home. On October 21, 2000, the Meads had attended a party hosted by one of defendant's co-workers and drank alcoholic beverages over a period of four to five hours. Notwithstanding his consumption of several drinks, defendant drove home, undressed himself, hung up his clothes and began cooking something to eat. Defendant burned the catfish he was frying and got angry. Defendant and Mrs. Mead argued and he threatened her with a butcher knife. Mrs. Mead's 15-year-old daughter called 9-1-1. Mrs. Mead opined that defendant had too much to drink at the party.
When the responding officer arrived, he asked defendant to step outside of the house. Defendant related that he wasn't going anywhere and that the officer couldn't make him go. The officer rushed defendant, put his arms behind his back and handcuffed him.
Georgiana Coleman, defendant's 15 year old stepdaughter, testified that her parents were arguing when they got home. Georgiana heard defendant saying, "I'll kill you," and "I'll kill all y'all in this house." When the police arrived, defendant told them to get away, that this was his house and he did what he wanted to do. The officer tried to arrest defendant and take the knife away from him. Once defendant was handcuffed, the policeman took him outside. Defendant was "steady talking about what he was going to do to the police officer" while being advised of his rights. Both the responding officer and his backup were in uniform.
Shreveport Police Officer Charles Rose testified that he responded to a domestic violence call at defendant's residence at about 2:00 a.m. on October 22, 2000. Defendant refused to come out of the house to talk to Officer Rose. He grabbed defendant to get him out of the residence and away from several knives which were set out on a counter top. Officer Rose handcuffed defendant, advised him of his Miranda rights and put him in the patrol car for transport to the city jail for simple battery and aggravated assault, two misdemeanor offenses.
The officer's car is equipped with a recorder and a videotape was made of the trip to the jail. This tape was entered into *1048 evidence and played for the jury. While at his residence and in the police vehicle, defendant repeatedly asked for the officer's name and badge number, which he provided. Defendant's attitude was "very combative." During the ride to the jail, defendant said, "I should have shot you this time," and something to the effect of, "if you come back again you better bring your arsenal." Additionally, defendant said, "I'll do everything I can to get your damn badge," and "in about two hours you make the trip back to my house." Officer Rose believed these statements to be threats intended to influence his actions.
On cross-examination, Officer Rose said that he interpreted defendant's comments as a threat that he would shoot and kill the officer if he ever made a call at defendant's home, although defendant did not specifically say, "if you come back out to my house I will shoot you." The state rested. After deliberations, the jury found defendant guilty as charged.
The trial court ruled that the evidence, viewed in the light most favorable to the prosecution, did not support a verdict of guilty and set aside the jury's verdict. We find that the trial court erred in granting defendant's motion for post-verdict judgment of acquittal.
In State v. Jones, supra, a female deputy responded to a disturbance at a bar. When the deputy tried to talk to the defendant, who was intoxicated, he threatened to kill the deputy and to commit several sexual offenses against her. A jury found defendant guilty of public intimidation. On appeal the court considered whether the threats were made in anger, or whether they were made in an attempt to influence the conduct of the officer. The appellate court held that the jury could have reasonably found that when defendant threatened the officer with physical violence and employment termination, he did so with the intent to persuade her not to arrest him. The conviction was affirmed.
In the instant case, after hearing the testimony, the jury concluded that defendant used threats of physical violence and employment termination before he actually arrived at the police station and was booked with the specific intent to influence Officer Rose's conduct, i.e., to persuade him not to complete the arrest or certainly not to respond to any other calls from defendant's residence after defendant's release on bond. The jury could have reasonably found defendant guilty of public intimidation and the trial court erred in substituting its conclusion for that of the factfinder.

Conclusion
For the reasons set forth above, defendant's conviction is reinstated and the matter is remanded to the trial court for further proceedings consistent with this opinion.