Dear Mr. Hall:
This office is in receipt of your Attorney General's opinion wherein the Concordia Parish Narcotics Task Force presented the following questions as we understand it:
 1. When performing highway interdictions, for the express purpose of narcotics intervention, is a marked unit required, or is only the officer required to be in uniform?
 2. After an individual has been arrested, he makes five threats against the police officer that has arrested him — specific threats including the phrasing "I'm going to kill you" and "I'm going to get your ass" — Whereupon he names the officer specifically. These threats are made as a direct result of the actions the police officer had taken in the performance of his duty, does this constitute public intimidation?
It is the opinion of this office that the answer to your first question is found within Title 5 of the Louisiana Code of Criminal Procedure, which governs Arrests. LA-C.Cr.P. Art. 218 states:
 A peace officer, when making an arrest without a warrant, shall inform the person to be arrested of his intention to arrest him, of his authority, and of the cause of the arrest. A private person, when making an arrest, shall inform the person to be arrested of his intention to arrest him and of the cause of the arrest.
The statute clearly suggests that what is necessary when making an arrest, absent exigent circumstances (such as fleeing, or resisting arrest), is to inform the individual being arrested of the 1.) Intention of the officer to do so, 2.) his authority to make the arrest, and 3.) the cause of the arrest. There is no prerequisite of a uniform or marked car. It is likely that the lack of such a prerequisite is what allows an undercover officer to make arrests and/or use unmarked cars during stops/arrests. Thus, we feel that an officer, absent any provisions to the contrary, may perform interdictions without a marked unit.
As to your second question, whether or not the threats constituted public intimidation, it is the opinion of this office that the answer is a question of fact to be decided by a trier of fact (judge or jury). The statute states, "LA-R.S. 14 § 122. Public intimidation and retaliation A. Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty: (1) Public officer or public employee."
The courts have held that "[t]he offense of public intimidation requires specific criminal intent. Public intimidation is not simply the intentional use of force or threats upon an officer, but rather the use of force or threats (made to or) upon the officer with the specific intent to influence the officer's (future) conduct in relation to the officer's duties. (See)State v. Jones, 00-980 (La.App. 5th Cir.10/19/00),772 So.2d 788; State v. Meyers, 94-231 (La.App. 5th Cir.09/14/94),643 So.2d 1275." State v. Mead, 823 So.2d 1045 (La.App. 2 Cir., 8/14/02). [Parenthesis added.]
"The determination of whether the requisite intent is present in a criminal case is for the jury." Jackson v. Virginia,443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v.Davies, 35,783 (La.App. 2d Cir.04/05/02), 813 So.2d 1262." Statev. Mead, 823 So.2d 1045 (La.App. 2 Cir., 8/14/02).
In the real life situation which was the basis for your inquiry, the individual obviously made several threats. For any one or more of those threats to constitute the crime of public intimidation, a judge or jury (trier of fact) must find that the threat was made with the specific intent to influence the future conduct of the police officer.
I hope the foregoing Opinion has been responsive to your question.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL