BROWN, Chief Judge.
 

 |1On October 19, 2007, defendant, Winfred V. Campbell, shot and killed his estranged wife, Sandra Vanzant Campbell, in the front yard of her mother’s house. He also shot and wounded his pregnant stepdaughter, Jamia Vanzant. Defendant drove to the DeSoto Parish Sheriffs Office, turned himself in and confessed to the shootings. On November 28, 2007, defendant was charged by bill of indictment with one count of first degree murder (Sandra Vanzant Campbell) and two counts of attempted first degree murder (Jamia Vanzant and her then seven-month-old fetus). An amended bill of indictment was later returned charging defendant with one count of second degree murder and two counts of attempted second degree murder.
 

 A jury trial was held July 28-29, 2010. The jury’s verdict was as follows: (1) count one-guilty of the second degree murder of Sandra Vanzant Campbell; (2) count two-guilty of the responsive verdict of aggravated battery of Jamia Vanzant; (3) count three-not guilty. A presentence investigation report was ordered, and on October 14, 2010, a sentencing hearing was held. The trial court, after considering the PSI and the facts and circumstances of the case, sentenced defendant to life imprisonment without benefits on the second degree murder conviction and a concurrent ten-year hard labor sentence on the aggravated battery conviction.
 

 Defendant has appealed his second degree murder conviction, urging insufficiency of the evidence. Finding no error, we affirm defendant’s convictions |2and sentences.
 

 Discussion
 

 According to defendant, the conflicting witness testimony and physical evidence, as well as the facts and circumstances surrounding the shooting of Sandra Van-zant Campbell, support a guilty verdict of manslaughter and not second degree murder. Specifically, defendant contends that the physical evidence of the wound on his wife’s hand being at close range was inconsistent with the witness testimony that she was running away from defendant when she was shot. Further, defendant argues that he did not storm in and threaten his wife, but rather only shot her after an argument ensued and he had reached his “boiling point.” Lastly, defendant argues that since he promptly drove to the sher
 
 *1026
 
 iff s office, turned himself in and confessed to the shootings, these actions demonstrate that he was not a “cold-blooded killer,” but rather a person who reacted in “sudden passion” and “heat of blood.” Therefore, this is not a case of second degree murder, but rather one of manslaughter.
 

 The state argues that the evidence established that defendant had the specific intent to kill his wife, Sandra Vanzant Campbell. The evidence demonstrated that ^defendant methodically planned the events which occurred on October 19, 2007; he armed himself with a gun; he drove to his mother-in-law’s home to ask his wife to return home; and, based upon her response, he took the action he thought about, which was to shoot his wife if she refused to go home with him.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 01-1658 (La.05/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Carter,
 
 42,894 (La.App.2d Cir.01/09/08), 974 So.2d 181,
 
 writ denied,
 
 08-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 05-0477 (La.02/22/06), 922 So.2d 517;
 
 State v. Dotie,
 
 43,819 (La.App.2d Cir.01/14/09), 1 So.3d 833,
 
 writ denied,
 
 09-0310 (La.11/06/09), 21 So.3d 297.
 

 La. R.S. 14:30.1(A)(1) defines second degree murder as the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm.
 

 LSpecific intent is that state of mind that exists when the circumstances indicate the offender actively desired the proscribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1);
 
 State v. Lindsey,
 
 543 So.2d 886 (La.1989),
 
 cert. denied,
 
 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990);
 
 State v. Logan,
 
 45,136 (La.App.2d Cir.04/14/10), 34 So.3d 528,
 
 writ denied,
 
 10-1099 (La.11/05/10), 50 So.3d 812;
 
 State v. Davies,
 
 35,783 (La. App.2d Cir.04/05/02), 813 So.2d 1262,
 
 writ denied,
 
 02-1564 (La.05/09/03), 843 So.2d 389.
 

 Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. La. R.S. 14:10(1);
 
 State v. Draughn,
 
 05-1825 (La.01/17/07), 950 So.2d 583,
 
 cert. denied,
 
 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007).
 
 See also, State v. Allen,
 
 41,548 (La.App.2d Cir.11/15/06), 942 So.2d 1244,
 
 writ denied,
 
 07-0530 (La.12/07/07), 969 So.2d 619.
 

 Manslaughter is defined as a homicide which would be first or second degree murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. La. R.S. 14:31(A)(1);
 
 State v. Logan, supra.
 
 “Sudden passion” or “heat of blood” are mitigating factors in the nature of a defense to the charge of murder. Since “sudden passion” and “heat of blood” are not elements of the crime, the state does not bear the burden of proving them. Neither is Iftthere a requirement in our law that these factors be affirmatively established by the defendant. Instead, the jury is free to infer these mitigatory factors from the evidence. Furthermore, a manslaughter verdict is responsive to a second degree mur
 
 *1027
 
 der indictment even though the record contains no evidence of “sudden passion” or “heat of blood.”
 
 State v. Tompkins,
 
 403 So.2d 644 (La.1981);
 
 State v. Peterson,
 
 290 So.2d 307 (La.1974).
 

 The evidence presented at trial was sufficient for the jury to find this defendant guilty of second degree murder. The most compelling evidence of defendant’s specific intent to kill and/or inflict great bodily harm on his wife, Sandra Vanzant Campbell, is found in his own taped statement. In that statement, made only hours after he shot both his wife and stepdaughter, defendant stated that he armed himself with a gun and went to the house where his wife was living at the time, with the intent of bringing her back to their matrimonial domicile. Defendant stated that if his wife had done what he asked, she would not have even seen the gun. However, Mrs. Campbell refused to go back home with defendant. It was then that defendant carried out his intended plan— he shot and killed his wife.
 

 The jury’s rejection of defendant’s argument that this is a clear case of manslaughter was reasonable as there was no evidence of “sudden passion,” “heat of blood,” or “provocation” such that an average person would have reacted in such |fia violent manner. This assignment of error lacks merit.
 

 Conclusion
 

 For the reasons set forth above, defendant’s conviction and sentence are affirmed. AFFIRMED.