PER CURIAM.
| ,Antywayne Eric Williams was convicted on August 28, 2012, by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, of one count of attempted aggravated rape in violation of La. R.S. 14:27 and La. R.S. 14:42 and one count of home invasion in violation of La. R.S. 14:62.8. On September 4, 2012, he filed two pro se motions for appeal, and on October 17, 2012, he filed a pro se motion for new trial. The trial court granted one of the defendant’s motions for appeal on October 25, 2012, without having ruled on the motion for new trial and prior to sentencing Williams on November 9, 2012. Williams was sentenced on the attempted aggravated rape charge to 35 years’ imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. On the home invasion charge, he was sentenced to 10 years’ imprisonment at hard labor, with the first five years to be served without benefits, and the sentence was imposed to run concurrently with the first sentence.
The appellate record indicates that the trial court failed to rule on Williams’ motion for new trial before sentencing him, as required by La. C. Cr. P. art. 853. Failure to rule on a motion for new trial prior to sentencing constitutes an error patent and necessitates that the sentence be vacated. State v. Roberson, 44,116 (La.App.2d Cir.01/08/09), 6 So.3d 190, 191; State v. Jackson, 614 So.2d 783 (La.App. 2d Cir.1993). Accordingly, we hereby vacate Williams’ sentences and remand the matter for a ruling on the motion for new trial and resentencing. Once he is resentenced, *236 Williams may file a new motion for appeal of those sentences.
CONVICTION AFFIRMED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.