DREW, J.
| TAntywane Eric Williams was charged with attempted aggravated rape, in violation of La. R.S. 14:27 and La. R.S. 14:42, and home invasion, in violation of La. R.S. 14:62.8(A). A 12-member jury found him guilty as charged.
He received the following concurrent sentences: .
• 35 years at hard labor, without benefit of probation, parole, or suspension of sentence for the attempted aggravated rape conviction; and
• 10 years at hard labor, with the first five years to be served without benefit of *465 probation, parole, or suspension, for the home invasion conviction.
He appeals. We affirm the defendant’s conviction and sentence, but remand for the trial court for compliance with La. R.S. 15:541-548.1.
PROCEDURAL HISTORY
The defendant was found guilty on August 28, 2012.
He filed two pro se motions for appeal on September 4, 2012.
He then filed a pro se motion for new trial on October 17, 2012.
The trial court granted one of the motions for appeal on October 25, 2012, without first ruling on the motion for new trial.
The defendant was sentenced as noted above on November 9, 2012.
The defendant filed a motion to reconsider sentence on November 20, 2012.
In August 2013, our court issued a per curiam order noting that the trial court sentenced the defendant before disposing of his motion for new trial. In addition, there was no disposition on the motion for reconsideration of sentence.
|2We vacated the sentences, remanding for rulings on these two matters. State v. Williams, 48,416 (La.App.2d Cir.8/7/13), 123 So.3d 235, rehearing denied (9/19/13), writ granted, vacated in part, 2013-2346 (La.3/21/14), 135 So.3d 625.
In early fall of 2013, the trial court denied the motion for new trial and resen-tenced the defendant to the exact same sentence as before.
On March 21, 2014, the Louisiana Supreme Court granted the defendant’s writ application, and vacated our court’s August 7, 2013, ruling “to the extent that it purports to affirm defendant’s convictions while setting aside his sentences and remanding the case for a ruling on the pending motion for a new trial and for resen-tencing.” State v. Williams, 2013-2346 (La.3/21/14), 135 So.3d 625.
FACTS
The victim, P.T., testified that:
• she dated the defendant for eight years;
• she emphatically ended the relationship in late 2011;
• the defendant texted her on the evening of February 3, 2012, stating that he was coming to her home to “talk about it”;
• she told him no, yet an hour later he crawled through her kitchen window;
• he chased her into her bedroom;[1]
h* the defendant was drunk;
• he positioned himself on top of her, and carried her into the bedroom;
*466 • he pulled off her shorts;[2]
• because of his strength, she could not push him off;
• he told her that he loved her, did not want her to leave him, could not live without her, that she was his, and promised that he would leave her alone if she had sex with him one more time;
• she poked him in the eye and ran for the back door;
• he grabbed her arms and picked her up by her waist;
• after fighting him, she ran outside[3] for help; and
• one of her three pit bull dogs bit him. Bossier City Police Detective Kevin Ray Jones testified that:
• he and other officers were dispatched to P.T.’s home; and
• he found P.T.’s shorts lying on the floor, near the foot of her bed.
Officer Matthew Camp testified that:
• he searched the area for the defendant, and saw him drive into a ditch;
• the defendant stumbled out of his car, appeared intoxicated, and had a strong odor of alcohol; and
• the defendant’s pants were torn, and he had a three-inch scratch on his leg.
14At sentencing, the trial court reviewed the presentence investigation report, noting that:
• it had examined the statements of the defendant and the victim;
• the defendant had three pending charges;
• he had a juvenile record from Chicago;
• he had an adult criminal record from Chicago and Bossier City;
• the defendant had a troubled family and social history;
• he was classified as a fifth-felony offender;
• the victim did not want him to receive the maximum sentence;
• he was intoxicated at the time of the offenses; and
• the crimes were serious.
Upon resentencing, the defendant received the same sentence.
DISCUSSION

Sufficiency

The defendant contends that the state failed to present sufficient evidence to sustain his convictions beyond a reasonable doubt. He points out that he was not positioned on top of P.T. with his full weight, and removed her shorts only to prevent her from running. He notes that she did not suffer any physical injuries. He argues that the state had only proved a domestic abuse battery, nothing more. Our law is well settled as to the review of sufficiency claims.[4]
| ¿Defendant was convicted of attempted aggravated rape.
*467 Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent. La. R.S. 14:41.
As applies here, aggravated rape occurs when the victim resists the act to the utmost, but the resistance is overcome by force. La. R.S. 14:42(A)(1) and (2).
An attempt is committed when a defendant, after having formed the intent to commit rape, does an act for the purpose of and intending directly toward the accomplishing of the objective. La. R.S. 14:27(A). Attempt is a specific intent crime. La. R.S. 14:27. Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or his failure to act. La. R.S. 14:10(1).
Responsive verdicts for attempted aggravated rape include: guilty; guilty of attempted forcible rape; guilty of attempted simple rape; and not guilty.[5]
Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim when the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that |fisuch resistance would not prevent the rape.[6] La. R.S. 42.1(A)(1). The only distinction between aggravated and forcible rape is degree of force employed and extent to which the victim resists. State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983), writ denied, 442 So.2d 460 (La.1983); State v. Howard, 31,807 (La.App.2d Cir.8/18/99), 746 So.2d 49, writ denied, 1999-2960 (La.5/5/00), 760 So.2d 1190.
In Clark, supra, at 885, this court noted: The distinction between aggravated and forcible rape has been addressed in State v. Parish, 405 So.2d 1080 (La.1981). The Parish court determined that the legal definition of aggravated rape as defined in La. R.S. 14:42(2) is virtually identical to the definition of forcible rape because there is no essential difference between the specific results required by each crime definition. Both require that the victim be prevented from resisting the act by threat of great harm under circumstances where the victim reasonably believes that resistance would be futile. Forcible rape is merely a lesser degree of the crime of aggravated rape and is a responsive verdict to that crime. The only distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. However, the jury is authorized to subject a guilty defendant to more severe punishment by convicting him of aggravated rape rather than forcible rape. The court then went on to conclude that it was the legislative aim to divide the continuum of acts of coerced sexual intercourse into two categories, thereby assigning to the fact finder the function of fixing the range of permissible punishment for convicted offenders by returning a verdict which appropriately fits the crime and the degree of force employed.
There is no magic formula to determine which acts of coerced sexual intercourse warrant the greater punishment of aggravated rape rather than forcible rape.
*468 Each case must be examined on its own facts. State v. 7Wallace, 484 So.2d 908 (La.App. 2d Cir.1986), writ denied, 489 So.2d 244 (La.1986).
The testimony of a sexual assault victim alone is sufficient to convict a defendant. State v. Chandler, 41,063 (La.App.2d Cir.9/8/06), 939 So.2d 574, writ denied, 2006-2554 (La.5/11/07), 955 So.2d 1277. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. In Chandler, supra, this court recognized:
The requirement for victim resistance has been the subject of criticism in various commentaries and the utmost resistance test no longer predominates across the nation as the key definitional element for aggravated rape. Michelle J. Anderson, Reviving Resistance in Rape Law, 1998 U. Ill. L.Rev. 953 (1998); Joshua Mark Fried, Forcing the Issue: An Analysis of the Various Standards of Forcible Compulsion in Rape, 23 Pepp. L.Rev. 1277 (1996).
Defendant was also convicted of home invasion, which is the unauthorized entering of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another. La. R.S. 14:62.8(A).
Home invasion is a general intent crime. La. R.S. 14:62.8(A). General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).

IsAttempted Aggravated Rape

The prosecutor had the burden of presenting sufficient evidence to prove that the defendant specifically attempted to engage in an act of vaginal, anal, or oral sexual intercourse with P.T. without her consent and that she resisted to the utmost.
The victim testified that Williams chased her inside her home, got on top of her on her bed, held his hands on her shoulders, grabbed her with both his hands wrapped around her arms, pushed her, pulled off her shorts, grabbed her around her arms, picked her up by her waist, and pursued her outside. She testified that she resisted him by struggling, begging him to stop, poking him in the eye, kicking, fighting, and fleeing.
The issue is whether a rational jury could have heard this evidence and found that P.T. resisted to her utmost, and her resistance was overcome by the defendant’s force. Since there is no magic formula in determining whether a rape is aggravated or forcible, a comparison with relevant cases may be helpful.
Our jurisprudence provides numerous examples of convictions for the crime of attempted aggravated rape.[7]
*469 13There are also many examples of convictions for the crime of attempted forcible rape.[8]
This defendant may not have used the same amount of force as in some attempted aggravated rape cases, but it is within the province of the jury to determine the degree of force employed in a particular case and to decide whether the act constituted aggravated, rather than forcible, rape. The jury had before it the responsive verdict of attempted forcible rape but determined that the amount of force employed in this case amounted to an attempted aggravated rape.
The jury heard evidence of this defendant texting P.T. that he was coming over, her telling him not to, him crawling through her window, and trying to rape her. The jury also heard evidence that the defendant and P.T. did not live together and he was not a lessee of the premises. Viewing this evidence in a light most favorable to the prosecution, any rational trier of | ^fact could have found beyond a reasonable doubt that the defendant was also guilty of home invasion.

Intoxication

The defendant contends that his intoxication precluded him from forming the specific intent to commit attempted aggravated rape. The prosecution asserts that the evidence does not support his allegation that he was so drunk that he could not form the specific intent to commit a crime.
An intoxicated or drugged condition is a defense to a prosecution for attempted aggravated rape only if the circumstances indicate that it has precluded the presence of specific criminal intent. La. R.S. 14:15(2). The burden is on the defendant to prove the existence of the condition at the time of the offense by a preponderance of evidence. State v. Ellis, 28,282 (La.App.2d Cir.6/26/96), 677 So.2d 617, writ denied, 96-1991 (La.2/21/97), 688 So.2d 521. If the defendant proves that he was intoxicated at the time of the offense, *470 the state has the burden of negating that defense by proof beyond a reasonable doubt. State v. Martin, 39,846 (La.App.2d Cir.8/17/05), 913 So.2d 863, writ denied, 2006-0110 (La.6/14/06), 929 So.2d 1267.
The jury heard evidence that the defendant was intoxicated, but had the ability to crawl through P.T.’s window, hold her down on her bed, chase her inside and outside, and drive away. Without any additional evidence of his intoxication at the time of the offense, the defendant did not prove by a preponderance of the evidence that his intoxication prevented any specific intent to commit an attempted aggravated rape. State v. Ellis, supra.

]uExcessiveness

The defendant argues that his actions were not as bad as other defendants convicted of these crimes. The prosecution urges that the sentences are warranted and the trial court amply complied with La. C. Cr. P. art. 894.1.
The defendant did not file a motion for reconsideration of this sentence.[9]
The offense of attempted aggravated rape is punishable by imprisonment at hard labor for not less than 10, nor more than 50 years without benefit of parole, probation, or suspension of sentence. La. R.S. 14:27 and La. R.S. 14:42. The offense of home invasion is punishable by imprisonment at hard labor for not more than 25 years and a fine not to exceed $5,000.00. La. R.S. 14:62.8(B)(1).
The defendant received concurrent sentences of 35 years at hard labor without benefits for the attempted aggravated rape conviction, and 10 years at hard labor, the first five without benefits, for the home invasion conviction.
112The defendant had exposure on these two crimes, for up to 50 years at hard labor and 25 years at hard labor, without benefits.
This is, in fact, a harsh sentence. Given these facts, however, and the defendant’s classification as a fifth-felony offender, it is not excessive.
ERRORS PATENT

Illegally lenient sentence

La. R.S. 14:62.8(B)(1) provides that whoever commits the crime of home invasion shall be fined not more than $5,000.00 and shall be imprisoned at hard labor for not more than 25 years. The defendant was sentenced to 10 years at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence for the home invasion conviction. Since he was sen *471 tenced without a fíne, his sentence is illegally lenient.
Pursuant to La. C. Cr. P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this court has recognized, this court is not required to take such action. See State v. Jones, 42,531 (La.App.2d Cir.11/7/07), 968 So.2d 1247; State v. Griffin, 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199.
The state did not object to the error and the defendant was not prejudiced because of the omission. We decline to remand on this issue.

Failure to receive registration notification

At the attempted aggravated rape sentencing, the trial court did not tell the defendant of the sex offender notification and registration | ^requirements, as outlined in La. R.S. 15:542-543.1. As a result, we must remand. State v. Scott, 42,997 (La.App.2d Cir.2/13/08), 975 So.2d 782.
DECREE
The defendant’s convictions and sentences are AFFIRMED. We remand to the trial court for the sole purpose of compliance with La. R.S. 15:542-543.1.

. Her testimony:
“And Mr. Williams followed me into my bedroom. And he pushed me into the bed and I was telling him don’t, you know, he’s like, I just want to make love to you one more time. And I'm like, no, you know, please stop. And I was yelling stop. And Mr. Williams continued trying to get on top of me and I got to the point where I couldn’t breathe because I was hyperventilating so bad that he stopped. I told him, I said, I can’t breathe, I can’t breathe. So he gets up, and so he lets me sit up, and when I go to sit up I try to run out the door. And when I go to run out the door he grabs my shorts and he pulls them down and he throws me back on the bed. And I’m like, I can’t breathe, you’ve got to let me up, you’ve got to let me up. And that’s when he let me up again and I had no shorts on at the time. And I dodged out to the door from the kitchen, and I have a back door out the back of the kitchen, and that’s when he grabbed me. And I really don’t know how I got away from him but I ran outside the back door and he started chasing me. And I was running around my truck and screaming at the top of my lungs for help. And that's when the neighbor heard me and called the police.”

. She was not wearing any underwear.

. A neighbor testified to seeing a “light-skinned black guy” chasing her around her car.

. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact Could have found the essential elements of the crime proven' beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Davies, 35,783 (La.App.2d Cir.4/5/02), 813 So.2d 1262, writ denied, 2002-1564 (La.5/9/03), 843 So.2d 389. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La. 10/16/95), 661 So.2d 442. The trier of fact has great discretion in assessing the credibility of witnesses. State v. Davies, supra.

. La. C. Cr. P. art. 814(9).

. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five, nor more than 40 years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. La. R.S. 42.1(B).

. In State v. Manning, 44,403 (La.App.2d Cir.6/24/09), 15 So.3d 1204, writ denied, 2009-1749 (La.4/5/10), 31 So.3d 355, this court concluded that any rational trier of fact could have found that the defendant was guilty of attempted aggravated rape where he entered a victim's home, grabbed her, threw her on the bed, positioned himself on top of her while holding a sharp, shiny object, and told her that he would hurt her.
In State v. Davies, supra, this court concluded that any rational trier of fact could have found that the defendant- was guilty of attempted aggravated rape where he picked up *469 two juvenile girls in his vehicle, asked both girls to have sex with him, threatened that he would kill them if they refused, held a knife to one victim’s throat, fondled the victim and touched her breast, and threatened both victims while holding a bat.
In State v. Jenkins, 456 So.2d 174 (La.App. 2d Cir. 1984), writ denied, 460 So.2d 1043 (La. 1984), this court concluded that any rational trier of fact could have found that the defendant was guilty of attempted aggravated rape where he lured the victim to a nearby cemetery, grabbed her by her waist, threw her to the ground, threatened to kill her if she refused to have sex with him, choked her, pulled off her pants and underwear, raped her initially under a tree, beat her, raped her again behind a tombstone, punched her, and bit her jaw.

. In State v. Robinson, 36,147 (La.App.2d Cir. 12/11/02), 833 So.2d 1207, this court concluded that any rational trier of fact could have found that the defendant was guilty of attempted forcible rape where he grabbed the victim from behind by her waist, dragged her to his nearby home, grabbed her when she broke loose, instructed another person to unlock his house, dragged her inside into a bedroom, threw her on a bed, pulled the victim’s pants down to her knees, and raped her.
In State v. Bailey, 585 So.2d 1245 (La.App. 2d Cir. 1991), this court concluded that any rational trier of fact could have found that the defendant was guilty of attempted forcible rape where he grabbed the victim from behind in a dark alley, positioned himself on top of her, choked her and pinched her face until she became unconscious, ripped off her pants and underwear, and unbuckled his trousers.
In State v. Doby, 540 So.2d 1008 (La.App. 2d Cir. 1989), writ denied, 544 So.2d 398 (La. 1989), this court concluded that any rational trier of fact could have found that the defendant was guilty of attempted forcible rape where he grabbed the victim from behind in a library, placed an ammonia-soaked rag over her nose and mouth, pushed her onto the floor, positioned himself on top of her, and forced her legs apart.

. A defendant is required to file a new motion for reconsideration of sentence in the trial court where a new sentence has been imposed following vacation of a prior sentence. State v. Robinson, 11-12 (La.App.5th Cir.12/29/11), 87 So.3d 881, writ denied, 2012-0279 (La.6/15/12), 90 So.3d 1059. When a defendant fails to file a timely motion to reconsider sentence under La. C. Cr. P. art. 881.1, the appellate court's review is limited to the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Smith, 46,343 (La.App.2d Cir.6/22/11), 71 So.3d 485, writ denied, 2011-1646 (La.1/13/12), 77 So.3d 950. Under constitutional review, a sentence can violate La. Const. Art. I, § 20, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047. The trial court has wide discretion in imposing a sentence within minimum and maximum limits allowed by statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550.