Judgment rendered January 13, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,736-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

DAVIN DALE                                  Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 361,151

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Chad Ikerd

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
SAMUEL S. CRICHTON
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and THOMPSON, JJ.

**STEPHENS, J.**

This criminal appeal by Defendant, Davin Dale, arises from the First Judicial District Court, Caddo Parish, State of Louisiana. Dale pled guilty as charged, without a plea agreement, to one count of domestic abuse aggravated assault, five counts of aggravated assault with a firearm, and one count of possession of a firearm or carrying a concealed weapon by a convicted felon and was sentenced to the cumulative sentence of 70 years. He now appeals, arguing his sentence is excessive. For the following reasons, we affirm Dale's convictions and sentences.

## FACTS

On June 22, 2018, Dale's estranged wife, Felicia Jones, went to her friend Regina Johnson's home, where she picked up Regina and her three minor children to go eat. Regina's children ranged from 4 to 11 years of age. Accompanying Felicia was her and Dale's four-year-old son. Dale was driving near Regina's home, and when he saw Felicia, he pointed a handgun at her and asked, "Where you going, baby?" Felicia drove away, and Dale gave chase, firing multiple shots into the vehicle of women and children. Three of the shots struck Felicia's vehicle; however, none of the occupants were hit by the gunfire. The attack caused Felicia to lose control of the vehicle, which spun and then stalled. Dale then exited his vehicle and continued firing at Felicia's vehicle. Felicia was able to regain control of her vehicle and sped to a nearby convenience store, where she, Regina, and the children sought refuge, and the police were called. Dale fled but was later apprehended.

Dale was charged by amended bill of information with domestic abuse aggravated assault, in violation of La. R.S. 14:37.7; five counts of

aggravated assault with a firearm, in violation of La. R.S. 14:37.4; and, possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. The State provided notice pursuant to La. C.E. art. 412.4 of its intent to introduce evidence of Dale's past acts of violence against Felicia and moved to have Dale's sentence, if convicted, imposed under the provisions of La. C. Cr. P. art. 893.3.

On August 5, 2019, Dale appeared and pled guilty as charged. There was no agreement to sentence or sentencing cap. Furthermore, there was no presentence investigation ("PSI") report ordered to assist the trial court in sentencing. Prior to Dale's plea, the State informed the court and Dale of its intent to request not only that the crimes be designated as crimes of violence but also that "some of these sentences" be run consecutively.

A sentencing hearing was held on September 11, 2019. Prior to sentencing, the State addressed the trial court and outlined the prior violent acts by Dale toward Felicia that generated reports to the police, that the State would have introduced had the matter proceeded to trial. These prior violent acts included:

1) April 2014: Dale attacked Felicia, wrestled with her, and busted her lip before she was able to flee and contact the police;

2) July 2016: Dale accused Felicia of infidelity, punched her in the face, and grabbed her by the hair;

3) July 2017: Dale accused Felicia of infidelity and punched her every time she denied it before she was able to escape with her children and contact the police;

4) August 2017: Dale became angered when Felicia took her mother to a bank, punched Felicia, banged her head against the concrete porch, and submersed her head in a bucket of water until family members were able to stop him; and,

5) March 2018: Dale became angered by text messages he saw, pushed Felicia to the floor, pinned her down, told her he was the head of the family, and punched her in the mouth, which injury required Felicia to receive stitches.

The State emphasized that Dale's violence toward Felicia had escalated to use of a weapon and further advised the court that Dale was eligible for a multi-bill because his prior felony conviction, second degree battery after shooting his cousin in the leg, provided the underlying felony conviction for the possession of a firearm by convicted felon charge. The State then outlined the facts of the instant case and again noted its request for the discharge of a firearm sentencing enhancement. Finally, the State's attorney made the following request:

> I'll note that I don't believe that I personally have ever asked this court or this judge nor have I asked any other court or judge in this courthouse to ask for a consecutive sentence where it was not otherwise agreed upon.
>
> This is a set of facts and circumstances which are particularly egregious backed up by substantial evidence and multiple victims and testimony from child victims as well as this is an instant where I'm going to ask the court, although I know it is not in my purview or discretion to impose a modified consecutive sentence in excess of 20 years.

The State ultimately went on to request a sentence of 25 years at hard labor. Felicia was present but declined to testify. Likewise, Dale elected not to make a statement. However, defense counsel addressed the trial court and submitted several letters written on Dale's behalf. Defense counsel noted that none of the victims sustained physical injury, Dale had taken responsibility for his egregious acts by pleading guilty and "not requiring the State to prove beyond a reasonable doubt," and Dale's charges arose out of a single course of conduct.

3

After hearing arguments of counsel, the trial court made the following statement:

> I have considered the arguments and the circumstances of the case. I've considered the letters presented to the Court by the defendant's attorney.
>
> What bothers me in this case is the fact that the defendant was firing a weapon first of all. The victims could have easily been killed. There were, I'll say, five to six innocent victims in this case and that there were five minor children in this case.
>
> It is very difficult for me to get past the five minor victims in this case and the fact that there have been repeated attacks upon the victim, many incidents.
>
> Considering the fact that the defendant has in his past shot his own cousin in the leg, not necessarily trying to kill him under those circumstances, death could have resulted had he hit the wrong part of his body.
>
> And that's just the number of violent offenses in the defendant's past, but what is most concerning is the fact that in this incident he just shot at a vehicle with a number of people in the vehicle and not only one but multiple shots at the vehicle.
>
> And I know the defendant didn't have to say anything, but I do take into consideration the fact that he pled guilty in this matter and I suppose that's his statement of remorse.
>
> However, there is no way that the Court can set aside the fact of what took place in this case and the defendant is just known to be very violent, has no consideration for the health of others, he feels free to harm at any time, that he desires to harm and by any means in which he would desire to harm someone.

The trial court then sentenced Dale to 10 years on the domestic abuse conviction and each of the aggravated assault convictions and to 15 years on the possession of a firearm conviction. The trial court ordered the sentences to run consecutively for a total of 75 years.

Dale subsequently filed a timely motion to reconsider sentence. At resentencing, defense counsel again urged the trial court to run the sentences concurrently. The State responded, pointing out that once Felicia's vehicle

4

spun and stalled, Dale did not disengage; rather, he continued his barrage of gunfire on the stationary vehicle that contained his wife and child and three other young children and their mother. The State further detailed Dale's violent history and the trauma suffered by the victims of the instant offense.

The trial court granted Dale's motion in part as to the domestic abuse conviction, resentenced Dale to a term of five years on that count, maintained the originally imposed sentences on the remaining convictions, and ordered that all seven sentences be served consecutively for a total of 70 years.[1] The trial court specifically stated that its considerations in maintaining the remainder of the sentences as initially imposed included Dale's violent criminal history, that multiple children and two adults were victims, and that "the defendant not only fired once, but repeatedly" into the vehicle. The trial court stated, "It's not an incident where he was mad and fired one shot. It was a situation where multiple shots were fired as well as the court's considered his violent criminal history." This appeal by Dale ensued.

## DISCUSSION

In his sole assignment of error, Dale argues the trial court failed to adequately state a basis for ordering his sentences to be served consecutively and that his resulting cumulative sentence of 70 years, a virtual life sentence for this 31-year-old offender, is constitutionally excessive. Dale asserts his guilty plea indicates his acceptance of responsibility for his action and emphasizes that his convictions arose out of a single course of conduct and that none of his victims were physically injured.

---

[1] The original sentence for the domestic abuse aggravated assault conviction exceeded the statutory maximum for that crime.

In response, the state argues the record contains ample evidence to support Dale's sentence. Specifically, the State points to Dale's criminal history, including history of domestic abuse of Felicia; the viciousness and heinous nature of the instant offenses, and Dale's ongoing risk to the public.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 2019-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 2018-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 2015-0608 (La. 1/25/16), 184 So. 3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526.

In cases involving multiple offenses and sentences, the trial court has limited discretion to order that the multiple sentences are to be served concurrently or consecutively. *State v. Sandifer*, *supra; State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, 127, *writ denied*, 2017-0966 (La. 4/27/18), 239 So. 3d 836. When two or more convictions arise

7

from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 2015-0924 (La. 4/15/16), 191 So. 3d 1034.

A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. *State v. Nixon*, *supra*. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. However, the failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Robinson*, *supra*.

At the time of the offense, a conviction of domestic abuse aggravated assault, in violation of La. R.S. 14:37.7, was punishable by not less than one

nor more than five years at hard labor and a fine of not more than $5,000.00. A conviction of aggravated assault with a firearm, in violation La. R.S. 14:37.4, was punishable by a fine of not more than $10,000.00 or imprisonment of not more than ten years, with or without hard labor, or both. A conviction of possession of a firearm or carrying a concealed weapon by a convicted felon, in violation La. R.S. 14:95.1, was punishable by imprisonment at hard labor for not less than 5, nor more than 20 years, and a fine of not less than $1,000.00, nor more than $5,000.00, with the sentence to be served without benefits. However, application of La. C. Cr. P. art. 893.3 in this case required the imposition of a 5-year hard labor sentence for the domestic abuse conviction and 10-year hard labor sentences for each aggravated assault conviction and changed the sentencing range for the possession of a firearm conviction to 10 to 20 years.[2]

Dale does not dispute that his individual sentences fall within the statutory ranges of punishment under the applicable statutes of conviction; instead, he argues the consecutive nature of the sentences resulted in a cumulative term of imprisonment of 70 years that is excessive. We disagree.

After a thorough review of the record, we cannot say the trial court abused its discretion in ordering Dale's sentences to be served consecutively. Significantly, the pattern of Dale's abuse against Felicia has now escalated to Dale's endangering the lives of others, including his own child. While

---

[2] La. C. Cr .P. art. 893.3(C) **Sentence imposed on felony or specifically enumerated misdemeanor in which firearm was possessed, used, or discharged,** provides: If the finder of fact finds beyond a reasonable doubt that the offender actually discharged a firearm in the commission of the felony or specifically enumerated misdemeanor for which he was convicted, the court shall impose a term of imprisonment of not less than ten years nor more than the maximum term of imprisonment provided for the underlying offense; however, if the maximum sentence for the underlying offense is less than ten years, the court shall impose the maximum sentence.

there were no physical injuries, it is nothing short of miraculous that Felicia was able to regain control of her vehicle after it stalled and escape Dale's continued attack before anyone was harmed. Furthermore, the trauma inflicted upon the victims, most notably the four minor children, must be given the utmost consideration. Dale's acts of shooting repeatedly into a vehicle at innocent and underage victims are beyond reprehensible and exhibit the type of depraved and criminally reckless behavior that warrants extensive incarceration.

While the trial court did not provide a detailed analysis of the statutory sentencing guidelines, it clearly articulated a factual basis for the sentences imposed. Likewise, given that in this case the State specifically requested the sentences be ordered to run consecutively, it is evident that the trial court's statements at both sentencing hearings were made in consideration of that request. Furthermore, while the trial court notably chose not to order a PSI to assist with its sentencing of Dale, it was not required to do so. Dale was given the opportunity to testify and present the trial court with evidence of mitigating factors for its consideration at not one but two sentencing hearings. In sentencing Dale, the trial court clearly, in the proper exercise of its discretion, afforded great weight to Dale's criminal history and the years he spent terrorizing Felicia; its sentence will not be disturbed.[3] This assignment of error is without merit.

---

[3] In selecting a proper sentence for a criminal defendant, a trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity. *State v. Monk*, 42,067 (La. App. 2 Cir. 5/2/07), 956 So. 2d 185; *State v. Cooks*, 36,613 (La. App. 2 Cir. 12/04/02), 833 So. 2d 1034. When evaluating a defendant's criminal history, trial courts may consider evidence at sentencing that would otherwise be inadmissible at trial. *State v. Myles*, 94-0217 (La. 6/03/94), 638 So. 2d 218. For example, the trial court may consider records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed*. *State v. Anderson*, 30,060 (La. App. 2 Cir. 10/29/97),

## Errors Patent

First, the sentence on the possession of a firearm conviction is illegally lenient as the mandatory fine was not imposed. *State v. Martinez*, 52,882 (La. App. 2 Cir. 8/14/19), 278 So. 3d 467; *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So. 3d 462, *writ denied*, 2014-2130 (La. 5/22/15), 173 So. 3d 1167. Pursuant to La. C. Cr. P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this court has recognized, this court is not required to take such action. *See State v. Williams*, 149 So. 3d 462, *supra*; *State v. Jones*, 42,531 (La. App. 2 Cir. 11/7/07), 968 So. 2d 1247. The State did not object to the error, and Dale was not prejudiced because of the omission.

Second, the minutes fail to reflect that the sentence on the firearm conviction be imposed without benefit of probation, parole, or suspension of sentence. Accordingly, the trial court is instructed to correct this error in the minutes, as the transcript controls over the minutes when there is a conflict. *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Bell*, 51,312 (La. App. 2 Cir. 5/17/17), 222 So. 3d 79.

## CONCLUSION

For the foregoing reasons, we affirm the convictions and sentences of Davin Dale. The trial court is instructed to correct the minutes consistent with this opinion.

**AFFIRMED WITH INSTRUCTION.**

---

702 So. 2d 40; *State v. Emerson*, 31,408 (La. App. 2 Cir. 12/09/98), 722 So. 2d 373, *writ denied*, 99-1518 (La. 10/15/99), 748 So. 2d 470; *State v. Myles, supra*.