Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,883-KA
No. 54,884-KA
No. 54,885-KA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

TERRY LEE YETMAN                            Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court Nos. 230,186; 230,186A; and 231,816

Honorable Michael O. Craig, Judge

* * * * *

CARMOUCHE, BOKENFOHR, BUCKLE          Counsel for Appellant
& DAY, PLLC
By: Paul J. Carmouche

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

RICHARD RUSSELL RAY
ALEXANDRA AIELLO
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

**MARCOTTE, J.**

These consolidated appeals arise from the 26th Judicial District Court, Parish of Bossier, the Honorable Michael O. Craig presiding. Defendant, Terry Lee Yetman, pled guilty to five counts of sexual abuse of an animal by engaging in sexual contact, in violation of La. R.S. 14:89.3(A)(1), and one count of possession of pornography involving juveniles, in violation of La. R.S. 14:81.1. Yetman was sentenced to four years at hard labor for each count of sexual abuse of an animal by engaging in sexual contact, to be served consecutively. Yetman was sentenced to 20 years at hard labor, with five years to be served without benefits, for his offense of possession of pornography involving juveniles. His sentences for sexual abuse of an animal and his sentence for possession of pornography involving juveniles were ordered to run concurrently. Yetman appeals his sentences as excessive. For the following reasons, we affirm Yetman's convictions and sentences.

## FACTS

On February 13, 2019, Yetman was charged by bill of information with 20 counts of sexual abuse of an animal by engaging in sexual contact, in violation of La. R.S. 14:89.3(A)(1), in trial court docket number 230,186. On the same day, Yetman was also charged by bill of information with 20 counts of sexual abuse of an animal by filming, distributing, or possessing pornographic images, in violation of La. R.S. 14:89.3(A)(7), in trial court docket number 230,186A. Yetman's offenses of sexual abuse of an animal occurred on, about, or between September 1, 2018, and November 30, 2018.

On June 11, 2019, Yetman was charged by bill of information with 31 counts of possession of pornography involving juveniles, in violation of La.

R.S. 14:81.1, in trial court docket number 231,816. Those offenses occurred on or about October 1, 2017, through December 19, 2018. Yetman initially pled not guilty to all charges.

On August 30, 2021, Yetman withdrew his not guilty pleas and pled guilty to five counts of sexual abuse of an animal by engaging in sexual contact and one count of possession of pornography involving juveniles. Yetman was properly informed of the rights he was forgoing by pleading guilty pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). In providing the factual basis for Yetman's guilty pleas to the five counts of sexual abuse of an animal, the state said that on September 16 and 19, 2018, October 17 and 29, 2018, and November 3, 2018, Yetman filmed five separate instances of sexual contact between himself and a dog for the purposes of sexual arousal and/or gratification. The state said that in each incident, Yetman recorded a dog licking his genitals. The videos were recovered from an Apple iCloud account registered to Yetman.

In providing the factual basis for Yetman's guilty plea to one count of possession of pornography involving juveniles, the state said that he knowingly and intentionally possessed a photograph depicting a male child under the age of 17 years old engage in a sexual performance, specifically masturbation. The photograph was also recovered from Yetman's iCloud account. Yetman affirmed that the factual bases for each of his offenses was correct. Yetman was advised that he was required to register as a sex offender for his juvenile pornography conviction, and his signed, written notice of same appears in the record. Yetman then individually pled guilty to the six offenses, and the trial court accepted his pleas. Yetman's

2

remaining counts were dismissed. The trial court ordered that a presentencing investigation report ("PSI") be prepared.

On November 23, 2021, a sentencing hearing was held. The trial court stated that it considered Yetman's PSI, Yetman's sentencing memorandum, a report from Dr. Shelley Visconte ("Dr. Visconte"), a psychologist who examined Yetman, and the factors enumerated in La. C. Cr. P. art. 894.1. The trial court noted that Yetman served in law enforcement for several years and that his criminal history consisted of only the instant offenses. The trial court noted that Yetman received a benefit as a result of his plea agreement in that he was able to reduce his sentencing exposure by having several counts dismissed. The trial court observed that the videos displaying Yetman's offenses of sexual abuse of an animal were particularly disturbing.

The trial court stated that a lesser sentence would deprecate the seriousness of Yetman's crimes and that his offenses "shock the senses … [of] what a reasonable person would consider as normal behavior." The trial court stated that Yetman was a police officer at the time the offenses occurred, and he had worked in the past as a K9 officer, which added to the shocking nature of his offenses. The trial court stated that sexual behavior that involves children and animals is particularly difficult to treat. The trial court initially stated that the dog Yetman sexually abused was a canine used by the police department, but Yetman clarified that the dog in question was a family pet.

Defense counsel, Paul Carmouche ("Atty. Carmouche"), then argued that Dr. Visconte evaluated Yetman on four separate occasions and found that he was among those least likely to reoffend after he serves his sentence.

3

Atty. Carmouche stated that Yetman cooperated with law enforcement, and that as a former police officer, he is in danger in jail. The state argued that each count of sexual abuse of an animal to which Yetman pled guilty was a separate instance of abuse.

The trial court then sentenced Yetman to four years at hard labor for each of the five counts of sexual abuse of an animal by engaging in sexual contact. Those sentences are to run consecutively for a total of 20 years. The trial court sentenced Yetman for the offense of possession of pornography involving juveniles to 20 years at hard labor, with the first five years to be served without benefits. The trial court ordered that Yetman's sentences for sexual abuse of an animal and his sentence for possession of pornography involving juveniles run concurrently. The trial court gave Yetman credit for time served. The trial court noted Yetman's objection to his sentences.

On December 13, 2021, Yetman filed a motion to reconsider sentence, arguing his sentences are excessive. On December 14, 2021, the trial court denied Yetman's motion. Yetman now appeals.

## DISCUSSION

In his sole assignment of error, Yetman claims his sentences are excessive. Yetman argues that the trial court failed to properly and fully consider the factors listed in La. C. Cr. P. art. 894.1 when it imposed an excessive sentence. Yetman states that at the time of his sentencing, he was a first-time offender and had worked in law enforcement for 16 years until his arrest. Yetman contends that he fully cooperated with investigators and he has been incarcerated since his arrest. Yetman reiterates that Dr. Visconte found that he is a "very low risk for reoffending." Yetman states

4

that the trial court focused solely on the disturbing nature of his crimes, which he does not dispute. Yetman argues that the trial court erred in finding that any lesser sentence would deprecate the seriousness of his offenses.

Yetman argues that he received the maximum sentence for his juvenile pornography charge and that he received sentences greater than defendants with criminal records in other cases received, even though he had no criminal record prior to committing his instant offenses. Yetman asks that his sentences be vacated and his cases remanded for resentencing.

The state argues that Yetman's sentences were left to the discretion of the trial court, which had the benefit of a PSI, adequately considered the guidelines set forth in La. C. Cr. P. art. 894.1, and sentenced Yetman to legal sentences. The state contends that the trial court ordered that Yetman's sentences for sexual abuse of an animal and his sentence for possession of pornography involving juveniles run concurrently, so his maximum term of incarceration is 20 years, instead of 40. The state also asks this court to consider that Yetman had numerous counts dismissed by pleading guilty to the six instant offenses. The state argues that Yetman's offenses were serious in nature and shocking. The state seeks to have Yetman's convictions and sentences affirmed.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C. Cr. P. art. 894.1(C); *State v. Parker*, 54,190 (La. App. 2 Cir. 3/9/22), 335 So. 3d 519. The trial judge is

5

not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Parker*, *supra*; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Parker*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Parker, supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *Id.*; *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166;

*State v. Parker*, *supra*; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Parker*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*; *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526, *writ denied*, 20-00056 (La. 9/8/20), 301 So. 3d 15.

A defendant's receipt of a substantial advantage via plea bargain is an appropriate consideration in sentencing. Accordingly, where the defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Ward*, 53,969 (La. App. 2 Cir. 6/30/21), 324 So. 3d 231; *State v. Washington*, 52,518 (La. App. 2 Cir. 2/27/19), 266 So. 3d 430, *writ denied*, 19-00776 (La. 10/21/19), 280 So. 3d 1174.

On the dates of the offenses for Yetman's convictions for sexual abuse of an animal by engaging in sexual contact, La. R.S. 14:89.3(D)(1)(a) provided, "[W]hoever commits the offense of sexual abuse of an animal shall be fined not more than two thousand dollars, imprisoned, with or without hard labor, for not more than five years, or both."

7

On the date of the offense for Yetman's conviction for possession of pornography involving juveniles, La. R.S. 14:81.1(E)(1)(a) provided, "Whoever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence."

La. C. Cr. P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

In sentencing Yetman, the trial court stated that it considered the information found in his PSI, his presentencing memorandum, Dr. Visconte's report, and the factors enumerated in La. C. Cr. P. art. 894.1. The trial court also mentioned and contemplated Yetman's work and criminal history. The trial court specifically discussed the significance of Yetman's crimes and that a lesser sentence would deprecate the seriousness of those crimes. Yetman's sentences fall within the legal statutory range for each offense, and it was also within the trial court's discretion to order that some or all of Yetman's sentences run consecutively.

Yetman's PSI states that he said during the course of the investigation of his crimes that, when he was a police officer, he was "adamant" about not having sexual desires for children. However, Yetman possessed many

8

images of pornography involving juveniles, and his online interactions reveal significant interest in performing sexual acts with minors and animals.

Yetman's offenses are shocking and disturbing and are deserving of substantial punishment. As the trial court did, this court finds the fact that Yetman was a police officer when he committed his crimes especially troubling. Yetman also received a substantial benefit in pleading guilty by having 65 counts dismissed. We find that the trial court did not abuse its discretion in sentencing Yetman.

### Errors Patent

This court conducted a review for errors patent and several were found. First, La. R.S. 14:81.1 imposes a mandatory fine of not more than $50,000 for the offense of possession of pornography involving juveniles. Yetman was sentenced to 20 years' imprisonment without imposition of a fine. Since he was sentenced without a fine, it could be asserted that the sentence was illegally lenient. *State v. Martinez*, 52,882 (La. App. 2 Cir. 8/14/19), 278 So. 3d 467; *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So. 3d 462, *writ denied*, 14-2130 (La. 5/22/15), 173 So. 3d 1167. Pursuant to La. C. Cr. P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. However, as this court has recognized, this court is not required to take such action. *See State v. Martinez*, *supra*; *State v. Williams*, *supra*; *State v. Jones*, 42,531 (La. App. 2 Cir. 11/7/07), 968 So. 2d 1247. The state did not object to the error, and Yetman was not prejudiced because of the omission.

Further, as provided in *State v. Turner*, 46,683 (La. App. 2 Cir. 12/14/11), 82 So. 3d 449, *writ denied*, 12-0165 (La. 6/22/12), 91 So. 3d 965,

when a trial judge fails to impose certain mandatory fines where the statute authorizes a fine of "not more than" an amount, it impliedly imposes a fine of $0 and is not error patent. We decline to remand on this issue.

Second, La. R.S. 14:81.1 requires that a person convicted of possession of pornography involving juveniles shall serve his entire term of imprisonment without benefits. The trial court stated that Yetman must only serve the first five years of his sentence for his juvenile pornography offense without benefits. When a trial court fails to apply the correct restriction of benefits, and there is no discretion regarding the restriction of benefits, the error is harmless and self-correcting, and the sentence will be automatically served without benefits for the requisite time period. La. R.S. 15:301.1(A).

Third, La. C. Cr. P. art. 930.8(C) requires that the trial court inform the defendant of the limitations period for filing an application for post-conviction relief at sentencing. If a trial court fails to properly advise the defendant of the time period limitations for filing, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion.

The trial court here failed to inform Yetman that he has two years from the date that his sentence was final to seek post-conviction relief. By way of this opinion, this court hereby advises defendant that no application for post-conviction relief shall be considered if it is filed more than two years after his judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

10

## CONCLUSION

For the foregoing reasons, Yetman's convictions and sentences are affirmed.

**AFFIRMED.**